Opinion by
Rhodes, P. J.,
This is an appeal from an order of the court below dismissing petition for writ of habeas corpus. Defendant was indicted on four bills of indictment charging various crimes; he was adjudged guilty on all bills, and. sentenced on one bill. Sentences were suspended on the other bills.
*226 ' The question on this appeal is whether the record in this habeas corpus case shows that at the time of trial relator competently and Intelligently waived his right to counsel. The order of the court below will be affirmed.
In Gideon v. Wainwright, 372 U.S. 335, 339, 83 S. Ct. 792, 9 L. Ed. 2d 799, 802, the court said: “The Sixth Amendment provides, ‘In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence.’ We have construed this to mean that-in federal courts counsel must be provided for defendants unable to employ counsel unless the right" is- competently and intelligently waived.”
Mr. Justice Frankfurter said, in Carter v. Illinois, 329 U.S. 173, 67 S. Ct. 216, 91 L. Ed. 172, 174: “Neither the historic conception of Due Process nor the vitality it derives from progressive standards of justice denies a person the right to defend himself or to confess guilt. Under appropriate circumstances the Constitution requires that counsel be tendered; it does not require that under all circumstances counsel be forced upon a defendant. United States ex rel. McCann v. Adams, 320 U.S. 220, 64 S. Ct. 14, 88 L. Ed. 4.” In Moore v. Michigan, 355 U.S. 155, 161, 78 S. Ct. 191, 2 L. Ed. 2d 167, 172, relied on by this relator, the court stated: “The constitutional right, of course, does not justify forcing' counsel upon an'accused who wants none. See Carter v. Illinois, 329 U.S. 173, 174.” To the same effect, see Adams v. United States, 317 U.S. 269, 279, 63 S. Ct. 236, 242, 87 L. Ed. 268, 275.
Admittedly, “The determination of whether there has been an intelligent wáiyér of the right, to Counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, ex'per'iencé,. and conduct of the accused.” Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. *227 1019, 82 L. Ed. 1461, 1466. In Moore v. Michigan, supra, 355 U.S. 155, 161, 78 S. Ct. 191, 2 L. Ed. 2d 167, 172, the court stated :■ “This Court held in Johnson v. Zerbst, . . . that when a judgment of conviction ... is collaterally attacked upon the ground that the defendant did not have the benefit of counsel, he has the burden of showing, by a preponderance of the evidence, that he did not have counsel and did not competently and intelligently waive his constitutional right to the assistance of counsel.” ' .On the record in this case relator met no such burden.
The testimony at the trial dealing with waiver shows the following — By Mr. Sprague, District Attorney: “Q. McCray, stand up. Do you have a lawyer? A. No, sir. Q. Can you afford ¿-lawyer? A. I have tried unsuccessfully to retain counsel. I was talking to Mr. Cain. However, since it is -listed for this morning, I am willing to go along with it for the trial to be disposed of, sir. By the Court: Q. You are willing to proceed without an attorney? - A. Yes, sir. By Mr. Sprague: Q. Do you want the Judge to hear it or a Jury? A. I would like the Judge to hear it.”
Relator was educated, he was a professional man, and he had had previous court experience. He cross-examined the Commonwealth’s witnesses at length and showed an understanding of the -issues-involved at the trial. Being aware that neither the Voluntary Defender nor private counsel would represent him, relator expressly stated to the court-his willingness to proceed without an attorney. The fact that the Voluntary Defender did not represent relator does not mean that he could not effectively waive his right to representation by counsel.
The court below was correct, in this habeas corpus action, when it said: “We are.of the opinion that petitioner did intelligently and competently waive his right to counsel. The record-clearly indicates this case *228 meets the requirements of due process. The petitioner, an intelligent person, was fully competent and aware of his rights when he made his choice, without pressure or coercion, to proceed to trial without benefit of counsel.”
The order is affirmed.